This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Amy Graves, nka Magaña, appeals the decision of the Medina County Court of Common Pleas, Domestic Relations Division, which denied appellant's motions to dismiss on jurisdictional grounds and awarded custody of the two minor children at issue to appellee, Gary Graves.
The parties were married on May 9, 1991, in Akron, Ohio. Two children were born as issue of the marriage — Bionca, born October 9, 1991, and Farrah, born May 11, 1995. The parties lived in Ohio until late 1995, when they moved to California. The parties separated while living in California in April 1999. A Separation Agreement was executed by the parties on April 1, 1999. Gary and Bionca then moved to Ohio, while Amy and Farrah remained in California. After several attempts at reconciliation, Gary filed for divorce in Ohio on March 22, 2000. On December 15, 2000, the Superior Court of Riverside, California, granted Amy's petition for dissolution. On July 24, 2001, the Medina County Court of Common Pleas, Domestic Relations Division, entered judgment, denying Amy's motion to dismiss for lack of jurisdiction and awarding custody of Bionca and Farrah to Gary.
Appellant timely appealed, setting forth six assignments of error for review.
 FIRST ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED AS A MATTER OF LAW BY DENYING APPELLANT'S MOTION TO DISMISS BASED ON LACK OF JURISDICTION AND [BY] FAILING TO GIVE FULL FAITH AND CREDIT TO THE CALIFORNIA DECREE."
 SECOND ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED AS A MATTER OF LAW BY DETERMINING THE ALLOCATION OF PARENTAL RIGHTS AND RESPONSIBILITIES FOR THE MINOR CHILD, FARRAH LEXUS GRAVES, WHEN THE TRIAL COURT LACKED JURISDICTION."
 THIRD ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED AS A MATTER OF LAW BY FAILING TO ENFORCE THE PARTIES' SEPARATION AGREEMENT."
Amy's first three assignments of error will be combined for ease of discussion. In these three assignments of error Amy has argued that the Ohio trial court did not have jurisdiction to enter judgment regarding custody and parenting issues. Amy has argued that the dissolution granted by the California court on December 15, 2000, resolved all issues surrounding the termination of her marriage to Gary, including the custody and parenting issues. Therefore, she has concluded that the trial court should have given the California decree full, faith and credit. In the alternative, Amy has argued that the trial court should have enforced the Separation Agreement that the parties entered into in 1999. This Court disagrees.
R.C. 3105.03 provides in part, "The plaintiff in actions for divorce and annulment shall have been a resident of the state at least six months immediately before filing the complaint." In this case, Gary had lived in Ohio for more than ten months. The trial court, therefore, had subject matter jurisdiction over the marriage. Once the jurisdiction of a court is properly invoked, that court retains jurisdiction until all issues are resolved or until it expressly relinquishes jurisdiction to another court. Therefore, the trial court maintained jurisdiction over all aspects of the Graves' divorce from the filing of the initial complaint on March 22, 2000, until it relinquished jurisdiction regarding the divorce and property issues to the California court on June 7, 2001.[1]
While claiming to want custody of both children, Amy's arguments focus on the trial court's lack of jurisdiction over Farrah. It is uncontroverted that the trial court had jurisdiction over Bionca. Therefore, the resolution of Amy's first three assignments of error ultimately turns on the application of the Uniform Child Custody Jurisdiction Act ("UCCJA"), codified in Ohio at R.C. 3109.21 et seq., and the Parental Kidnapping Prevention Act ("PKPA"), Section 1738A, Title 28, U.S. Code. "The purpose of the UCCJA is to avoid jurisdictional conflict and to promote cooperation between state courts in custody matters so that a decree is rendered in the state that can best decide the best interest of the child." State, ex rel. Aycock, v. Mowrey
(1989), 45 Ohio St.3d 347, 349. The PKPA acts to reinforce the provisions of the UCCJA by mandating that states afford full faith and credit to valid child custody orders of another state court. Justis v. Justis
(1998), 81 Ohio St.3d 312, 315, citing Thompson v. Thompson (1988),484 U.S. 174, 98 L.Ed.2d 512.
It is within the trial court's discretion to assume jurisdiction in a proceeding involving minor children pursuant to the UCCJA. Accordingly, the trial court's decision as to whether to exercise jurisdiction pursuant to the UCCJA should only be reversed upon a showing of an abuse of discretion. Bowen v. Britton (1993), 84 Ohio App.3d 473.
R.C. 3109.22 governs determinations as to which court can exercise jurisdiction when making a parenting determination. Subsection (A)(1), (2) and (4) are relevant to this case and provide:
 "No court of this state that has jurisdiction to make a parenting determination relative to a child shall exercise that jurisdiction unless one of the following applies:
 "This state is the home state of the child at the time of commencement of the proceeding, or the state had been the child's home state within six months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a parent who claims a right to be the residential parent and legal custodian of a child or by any other person claiming his custody or is absent from this state for other reasons, and a parent or person acting as parent continues to live in this state;
 "It is in the best interest of the child that a court of this state assumes jurisdiction because the child and his parents, or the child and at least one contestant, have a significant connection with this state, and there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships;
 "It appears that no other state would have jurisdiction under prerequisites substantially in accordance with division (A)(1), (2), or (3) of this section, or a court in another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to make a parenting determination relative to the child, and it is in the best interest of the child that this court assume jurisdiction."
R.C. 3109.21(E) defines home state as "the state in which the child, immediately preceding the time involved, lived with his parents, a parent, * * * for at least six consecutive months, * * *. Periods of temporary absence of any of the named persons are counted as part of the six-month or other period."
It is undisputed that Ohio is Bionca's home state. She was born in Ohio and returned to Ohio with Gary in April of 1999. Gary filed for divorce on March 22, 2000. The trial court clearly had jurisdiction over Bionca.
The trial court assumed jurisdiction over Farrah under R.C. 3109.22(A)(2) and (4). Pursuant to R.C. 3109.22(A)(2), the trial court found that Farrah and her father have a "significant connection" with Ohio. Farrah's paternal grandparents reside in Ohio as does her father and her sister. After hearing all the evidence, the trial court concluded that it was in Farrah's best interest that the trial court assume jurisdiction. With regard to R.C. 3109.22(A)(4), this Court notes that the California court issued an order dated June 7, 2001, in which it declined to exercise jurisdiction over custody and visitation issues. The California order states: "The order of the Ohio court is still in full force and effect."
It is well settled that "once a court of competent jurisdiction has begun the task of deciding the long-term fate of a child, all other courts are to refrain from exercising jurisdiction over that matter." Inre Adoption of Asente (2000), 90 Ohio St.3d 91, 92. The record shows that Gary filed for divorce in Ohio before Amy filed for a dissolution in California. Therefore, the Ohio trial court properly assumed jurisdiction over the children.
Amy's first, second, and third assignments of error are overruled.
 FOURTH ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED AS A MATTER OF LAW BY FAILING TO APPLY THE STATUTORY FACTORS OF R.C. 3109.04(E)(1)(a)."
 FIFTH ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED AS A MATTER OF LAW BY RELYING UPON THE GUARDIAN AD LITEM WHO DEMONSTRATED PERSONAL BIAS AND FAILED TO CONDUCT A COMPLETE EVALUATION OF ALL CIRCUMSTANCES."
 SIXTH ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN DETERMINING THAT IT WAS IN THE BEST INTERESTS OF THE MINOR CHILDREN TO RESIDE WITH APPELLEE."
The foregoing assignments of error will be combined as they all involve the factors the trial court considered when awarding custody in the case sub judice.
In her fourth assignment of error, Amy has argued that the trial court should have applied the factors set out in R.C. 3109.04(E)(1)(a). This Court disagrees.
R.C. 3109.04(E)(1)(a) provides, in pertinent part: "The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children * * *."
This Court has held that R.C. 3109.04(E) requires a prior decree before the change of circumstances standard is to be applied in a custody action. Clupper v. Sheets (Oct. 14, 1998), 9th Dist. No. 18877. In this case, the California court did not have jurisdiction over the parental rights and responsibilities. Therefore, there was no prior order for the trial court to modify. In her fifth and sixth assignments of error, Amy has argued that: (1) the trial court erred in relying on the report of the guardian ad litem ("GAL"), John Dolatowski and (2) the trial court abused its discretion in finding that it was in the best interest of the children that Gary be awarded custody. This Court disagrees.
Amy has argued that the trial court should have disregarded the GAL's report because he demonstrated clear bias concerning Amy's relationship with her fiancé. After a review of the record, this Court cannot say that the GAL's testimony appeared to be biased against Amy. Furthermore, it is clear that the trial court did not base its decision solely on the GAL's report.
Amy's final argument is that the trial court abused its discretion in determining that it was in the best interest of the children that custody be awarded to Gary.
A trial court has broad discretion in its allocation of parental rights and responsibilities. Miller v. Miller (1988), 37 Ohio St.3d 71, 74. Appellate courts must afford "the utmost respect" to the trial court's exercise of discretion because "[t]he knowledge a trial court gains through observing the witnesses and the parties in a custody proceeding cannot be conveyed to a reviewing court by a printed record." Id. Consequently, a reviewing court may not overturn a trial court's determination regarding the allocation of parental rights and responsibilities absent an abuse of discretion. Donovan v. Donovan
(1996), 110 Ohio App.3d 615, 618. An abuse of discretion implies that the trial court's decision was arbitrary, unreasonable, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
Additionally, when the manifest weight of the evidence is challenged, "[a]n appellate court conducts the same manifest weight analysis in both criminal and civil cases." Ray v. Vansickle (Oct. 14, 1998), 9th Dist. Nos. 97CA006897/97CA006907; see, also, Anthony v. Wolfram (Sept. 29, 1999), 9th Dist. No. 98CA007129, (applying the criminal manifest weight standard in determining whether a trial court's award of custody was against the manifest weight of the evidence).
"The [reviewing] court * * * weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [finder of fact] clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered." State v. Thompkins
(1997), 78 Ohio St.3d 380, 387, quoting State v. Martin (1983),20 Ohio App.3d 172, 175.
R.C. 3109.04(B)(1) requires the court to consider the best interest of the children when making an allocation of parental rights and responsibilities. R.C. 3109.04(F)(1) lists some of the factors the court is to consider when determining what is in the best interest of the children. R.C. 3109.04(F)(1) states, in pertinent part:
 "In determining the best interest of a child pursuant to this section, whether on an original decree allocating parental rights and responsibilities for the care of children or a modification of a decree allocating those rights and responsibilities, the court shall consider all relevant factors, including, but not limited to: "(a) The wishes of the child's parents regarding the child's care;
* * *
 "(c) The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest;
 "(d) The child's adjustment to the child's home, school, and community;
 "(e) The mental and physical health of all persons involved in the situation;
 "(f) The parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights;
* * *
 "(j) Whether either parent has established a residence, or is planning to establish a residence, outside this state."
Amy's argument focuses on R.C. 3109.04(F)(1)(f) in arguing that the trial court abused its discretion and acted against the manifest weight of the evidence in determining that it was in the children's best interests to be placed with their father. However, R.C. 3109.04(F)(1) only provides a list of some of the factors that are to be considered when determining what is in the best interest of the children. No one of the factors listed in R.C. 3109.04(F)(1) is to be given more weight than the others.
In this case, both parents agree that the children should be together. However, Amy initially sought to have the Separation Agreement enforced, whereby each parent would have a child. By the close of trial, Amy expressed a desire to be the custodial parent of both Bionca and Farrah.
The record shows that both children seem to relate well with both parents and with each other. Both children seem to be integrated into their father's extended family. Amy prefers that the children be integrated into her fiancé's family rather than her family.
Both Bionca and Farrah seem well adjusted in their homes, schools, and communities.
Amy and Gary are physically healthy and both are capable of caring for the girls.
Neither parent has interfered with the other parent's visitation with the girls. However, Amy testified that she would not abide by the trial court's custody determination.
Gary is established in his home and community in Ohio, and Amy is established in her home and community in California.
After an independent review of the record and considering the factors enumerated in R.C. 3109.04(F)(1), this Court concludes that the trial court neither abused its discretion nor acted against the manifest weight of the evidence in finding that it was in Bionca and Farrah's best interests for Gary to be designated residential and custodial parent. Accordingly, Amy's fourth, fifth, and sixth assignments of error are overruled.
The judgment of the Medina County Court of Common Pleas, Domestic Relations, Division is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Exceptions.
SLABY, P.J., BATCHELDER, J. CONCUR.
[1] This Court notes that the trial court never relinquished its jurisdiction regarding parental rights and responsibilities.